# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECT LIST LLC, a North Carolina Limited Liability Company; and ERAN SALU, an individual,<br><br>Plaintiffs,<br>v.<br>VISTAGE INTERNATIONAL, INC., a Delaware Corporation; PHIL KESSLER; LAUREN KESSLER; DIANA OWENS; EDETTE HERRON; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 15cv2025-WQH-JLB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Modify the Scheduling Order and File a First Amended Complaint filed by Plaintiffs Direct List, LLC and Eran Salu ("Plaintiffs"). (ECF No. 97).

**I. Background**

On September 11, 2015, Plaintiffs Direct List LLC ("Direct List") and Eran Salu ("Salu") commenced this action by filing a complaint alleging four causes of action against Defendants Vistage International, Inc. ("Vistage"), Phil Kessler, Lauren Kessler, Diana Owens ("Owens"), and Edette Herron ("Herron") as follows: (1) fraud, brought by Salu against Vistage and Phil Kessler; (2) breach of fiduciary duty, brought by Salu against Vistage and Phil Kessler; (3) misappropriation of trade secrets in violation of

Cal. Civil Code § 3426 *et seq.*, brought by Direct List against Phil Kessler, Lauren Kessler, Owens, and Herron; and (4) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, California's unfair competition law ("UCL"), brought by Salu and Direct List against Vistage, Phil Kessler, Lauren Kessler, Diana Owens, and Edette Herron.

On February 8, 2016, the Court issued an order granting Vistage's motion to dismiss the claim for breach of fiduciary duty brought by Salu, and denying Vistage's motion to dismiss the claim for fraud brought by Salu. (ECF No. 20). On November 3, 2016, the Court issued an order granting Vistage's motion to dismiss the fraud and UCL claims brought by Salu, and granting Vistage's motion for summary judgment on the UCL claim brought by Direct List. (ECF No. 61).

On January 13, 2017, the Court held a pretrial conference in this matter. (ECF No. 74). The Court issued a scheduling order setting a February 13, 2017 deadline for Defendants to file additional motions and dates for a motion in limine hearing and jury trial. (ECF No. 75). On January 26, 2017, Brandon Baum, former counsel for Plaintiffs, filed a motion to withdraw as attorney. (ECF No. 76). On February 13, 2017, Defendants Phil Kessler, Lauren Kessler, and Diana Owens ("the Kessler Defendants") filed a motion to dismiss. (ECF No. 81). On February 23, 2017, the Court issued an order granting the motion to withdraw as attorney, and ordering Plaintiffs to file a notice of appearance of new counsel or a status report. (ECF No. 85). On April 7, 2017, attorneys William Patrick Keith and Anne K. Wilson filed notices of appearance on behalf of Plaintiffs. (ECF Nos. 87 & 88).

On May 2, 2017, Plaintiffs filed the Motion for Leave to Modify the Scheduling Order and File a First Amended Complaint (ECF No. 97). On May 22, 2017, Vistage filed a response in opposition. (ECF No. 105). On May 22, 2017, the Kessler Defendants filed a response in opposition. (ECF No. 106). On May 26, 2017, Plaintiffs filed a reply. (ECF No. 107). On June 13, 2017, Vistage filed a surreply. (ECF No. 119).

**II. Contentions of the Parties**

Plaintiffs contend that they have demonstrated good cause to modify the pretrial scheduling order to allow the filing of a first amended complaint. Plaintiffs contend that good cause exists to add Arrow Marketing Company, L.L.C. ("Arrow") as a defendant and to assert claims against Arrow because Arrow's existence was not discovered by Plaintiffs until February 2017, and because Arrow was not registered with the State of California until after this action was filed. (ECF No. 97-1 at 10). Plaintiffs contend that good cause exists to add Direct List as a plaintiff to several causes of action because Plaintiffs seek to address standing issues raised in the motions to dismiss and the motion for summary judgment filed in this case. Plaintiffs contend that good cause exists to add additional claims against the previously-named Defendants because Plaintiffs seek to "state alternative claims against Vistage and the Kessler Defendants in light of the adverse rulings (and possible future rulings) on the three Rule 12 motions." *Id.* at 20.

Vistage contends that Plaintiffs have failed to demonstrate good cause because Plaintiffs were aware of the facts asserted in the proposed first amended complaint as to Vistage prior to filing this action. Vistage contends that Plaintiffs did not seek leave to amend following this Court's orders on Vistage's motion to dismiss and motion for summary judgment. Vistage contends that it "pursued discovery based on a strategic plan formulated from the pleadings brought against it[,]" and that it was "properly dismissed and exited this dispute seven months ago." (ECF No. 105 at 8).

The Kessler Defendants contend that Plaintiffs have failed to demonstrate good cause because their proposed amendments are the result of Plaintiffs' "strategic decisions" in this case, including not pleading contract or interference claims against the Kessler Defendants and not pleading computer-access claims against the Kessler Defendants. (ECF No. 106 at 2).

**III. Analysis**

Federal Rule of Civil Procedure 16(b) states that a scheduling order "may be

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Unlike the liberal amendment policy set forth in Federal Rule of Civil Procedure 15(a) "which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Ca. 1999) ("once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)."). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609).

In determining whether a movant seeking to amend pleadings pursuant to Rule 16(b) has demonstrated diligence, courts may consider whether the party was diligent in assisting the Court with creating the Rule 16 order, whether the movant's noncompliance with the scheduling order will occur because of developments the movant could not have reasonably foreseen or anticipated at the time the scheduling order was issued, and whether the movant was diligent in seeking amendment under Rule 16(b) once it became apparent that the movant could not comply with the scheduling order. *Jackson*, 186 F.R.D. at 608.

On December 2, 2015, the Magistrate Judge entered a scheduling order in this matter. (ECF No. 18). The order set a January 16, 2016 deadline for filing any motion to amend the pleadings, and the order set a July 22, 2016 deadline for filing all other pretrial motions. *Id.* at 1, 3. On April 7, 2017, current counsel for Plaintiffs entered their notices of appearance. (ECF Nos. 87 & 88). On May 2, 2017, Plaintiffs filed the

Motion for Leave to Modify the Scheduling Order and File a First Amended Complaint. (ECF No. 97).

Having reviewed the Motion for Leave to Modify the Scheduling Order and File a First Amended Complaint, the responses in opposition, the reply, and the surreply filed by the parties, the Court finds the following:

**A. Proposed Claims Against Arrow Marketing Company L.L.C.**

The Court concludes that Plaintiffs have demonstrated good cause to file an amended complaint to add Arrow as a defendant in this matter, as Plaintiffs contend that they learned of the existence of Arrow after the deadline to amend the complaint had passed. *See Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-cv-00046-KJM-CKD, 2016 WL 3126108, at *4 (E.D. Ca. June 2, 2016) ("Allowing parties to amend based on information obtained through discovery is common and well established.").

The Court will permit Plaintiffs to file an amended complaint naming Arrow as a defendant and containing each of the claims against Arrow that Plaintiffs have included in the proposed first amended complaint. (ECF No. 97-4 at 3-62). The Motion is granted as to the proposed addition of Arrow as a defendant in this matter and as to the proposed claims against Arrow.

**B. Proposed Claims Against AVS Leads**

The Court concludes that Plaintiffs have not demonstrated good cause to file an amended complaint to add AVS Leads as a defendant in this matter. Plaintiffs have not demonstrated diligence throughout this matter that would justify permitting amendment of the complaint to include any of the proposed claims against AVS Leads. *See Johnson*, 975 F.3d at 609 ("If th[e] party [seeking amendment] was not diligent, the inquiry should end"). The Motion is denied as to the proposed addition of AVS Leads as a defendant in this matter and its inclusion as a defendant in any cause of action in the amended complaint to be filed by Plaintiffs.

**C. New Claims Against Vistage**

The Court concludes that Plaintiffs have not demonstrated good cause to file an

amended complaint as to any of the proposed claims to be added against Vistage. Plaintiffs have not demonstrated diligence throughout this matter that would justify allowing amendment of the complaint to include the proposed claims against Vistage. *See Johnson*, 975 F.3d at 609. Plaintiffs have not demonstrated that they have discovered additional information after the deadline to amend the pleadings had passed that would justify asserting new claims against Vistage at this stage of the litigation. The Motion is denied as to the proposed claims against Vistage.

**D. New Claims Against Kessler Defendants and Herron**

The Court concludes that Plaintiffs have demonstrated good cause to file an amended complaint as to the proposed fifth cause of action for violation of Cal. Penal Code § 502, the sixth cause of action for intentional interference with prospective economic advantage, and the seventh cause of action for negligent interference with prospective economic advantage, as Plaintiffs contend they learned new information concerning these claims during discovery.

The Motion is granted as to the proposed addition of these claims against the Kessler Defendants and Herron. The Court concludes that Plaintiffs have not demonstrated good cause to file an amended complaint as to any of the additional proposed claims to be added against the Kessler Defendants and Herron.

**E. New Claims Asserted by Direct List Previously Asserted Only By Salu**

The Court concludes that Plaintiffs have demonstrated good cause to file an amended complaint naming Direct List as a plaintiff on the two claims included in the original complaint that were brought only by Salu: the first cause of action for fraud, and the second cause of action for breach of fiduciary duty. The Court concludes that permitting the proposed addition of Direct List as a plaintiff as to these two claims would serve the interests of justice and judicial efficiency. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 975 (9th Cir. 2009); *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 403 (9th Cir. 1997). *See also Neely*, 130 F.3d at 403 ("'the general purpose of the Rules [regarding amended and supplemental complaints is] to minimize

technical obstacles to a determination of the controversy on its merits'") (quoting *U.S. ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963)).

The Motion is granted as to the proposed addition of Direct List as a plaintiff on the first cause of action for fraud and the second cause of action for breach of fiduciary duty.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to Modify the Scheduling Order and File a First Amended Complaint filed by Plaintiffs (ECF No. 97) is GRANTED IN PART and DENIED IN PART. Within **ten (10) days** from the date of this order, Plaintiffs shall file an amended complaint that complies with this order. The amended complaint shall include only the following claims, plead as follows:

> First Cause of Action: Fraud – brought by Direct List and Salu against Phil Kessler
>
> Second Cause of Action: Breach of Fiduciary Duty – brought by Direct List and Salu against Phil Kessler
>
> Third Cause of Action: Misappropriation of Trade Secrets – brought by Direct List against Phil Kessler, Lauren Kessler, Owens, Herron, and Arrow
>
> Fourth Cause of Action: UCL – brought by Direct List against Phil Kessler, Lauren Kessler, Owens, Herron, and Arrow
>
> Fifth Cause of Action: California Comprehensive Computer Data Access and Fraud Action – brought by Direct List against Phil Kessler, Lauren Kessler, Owens, Herron, and Arrow
>
> Sixth Cause of Action: Intentional Interference with Prospective Economic Advantage – brought by Direct List against Phil Kessler, Lauren Kessler, Owens, Herron, and Arrow
>
> Seventh Cause of Action: Negligent Interference with Prospective Economic Advantage – brought by Direct List against Phil Kessler,

Lauren Kessler, Owens, Herron, and Arrow

The parties shall contact the Magistrate Judge as to the scheduling order in this matter.

IT IS FURTHER ORDERED that the pretrial conference scheduled for July 7, 2017 at 9:30 AM is VACATED.

DATED: June 14, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge