UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECT LIST, LLC and ERAN SALU, <br><br> Plaintiffs, <br><br> v. <br><br> PHIL KESSLER, LAUREN KESSLER, DIANA OWENS, and ARROW MARKETING COMPANY L.L.C., <br><br> Defendants. | CASE NO.: 15-cv-2025-WQH-JLB <br><br> **ORDER** |

HAYES, Judge:

I. **Background**

On September 11, 2015, Plaintiffs Eran Salu and Direct List LLC initiated this action by filing a Complaint (ECF No. 1) against a number of Defendants including Phil Kessler ("Kessler"). On June 23, 2017, Plaintiffs filed a First Amended Complaint (ECF No. 123) (the "FAC"). The FAC includes claims by both Plaintiffs against Kessler for fraud and breach of fiduciary duty, as well as five other claims brought only by Direct List. FAC at ¶¶ 87 and 97.

On March 28, 2018, the Court ordered the parties to submit Memorandums of Fact and Law on: (1) "whether Phil Kessler owed a fiduciary duty to Salu and/or Direct List" (and the timing of the Court's decision on that issue) and (2) whether Salu "satisfied the injury requirement for Article III standing." (ECF No. 158 at 2). On May 22, 2018, the Court ordered the parties to submit additional Memorandums of Fact and Law "addressing whether Salu meet[s] the prudential requirements of the standing doctrine." ECF No. 196 (alteration in original) (quoting *Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990)).

## II. Factual Background

Direct List is a limited liability company. Deposition of Eran Salu, ECF No. 162-2, at 11. The sole owner of Direct List is JAL Equity, a Nevada corporation. *Id.* at 11, 13. Salu is the sole stockholder of JAL Equity. *Id.* at 13.

The Complaint alleges that "The Vistage Defendants hold themselves out as providing a confidential, trusted forum in which CEOs may safely discuss their most sensitive and private business affairs with fellow CEOs, led and overseen by the CEO Group Chair." *Id.* at ¶ 2. "In reliance on . . . repeated assurances of confidentiality, Mr. Salu shared confidential information with Mr. Kessler, his Vistage CEO Group Chair, regarding the design and operation of a business that Mr. Salu created called Direct List LLC." *Id.* at ¶ 7. "In violation of those assurances, . . . Kessler[] used Mr. Salu's confidential information to form a competing business, AVS Leads." *Id.* at ¶ 8. "As a direct result of the Vistage Defendants' conduct, as described above, Mr. Salu and Direct List have suffered damages in the form of substantial loss of business and profits to Direct List, which is owned by Mr. Salu, in the estimated amount of $5.3 million." *Id.* at ¶¶ 95, 100.

In his deposition, Salu stated that the Defendants' alleged conduct caused him to "los[e] income from Direct List." Salu Depo. at 15; *see also* Salu Depo. at 14 ("I've lost the income generated from Direct List . . . . Again, I've lost income that I would receive from Direct List.").

The Pretrial Order states that Plaintiffs seek $5,950,000 in compensatory damages (calculated as of April 1, 2018), as well as punitive damages, attorneys' fees, and costs. ECF No. 155 at 4, 5, 6, 7, 9, 10, 11, 12, 13, and 14. The Pretrial Order does not differentiate between the damages sought by Salu and the damages sought by Direct List. *Id.*

### III. Standing

Salu contends that he has standing to bring his claims for fraud and breach of fiduciary duty against Kessler. (ECF Nos. 162, 203).[1] Kessler contends that Salu does not meet the requirements of prudential standing. (ECF Nos. 168, 200, 223).

"Generally, a shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) (collecting cases). Similarly, members of a limited liability company do not have standing to bring claims for injuries to the company. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1036–37 (9th Cir. 2010) (citing cases discussing shareholder standing when deciding whether a member of a limited liability company had standing to assert claims for injuries to the company). "A shareholder does have standing, however, when he or she has been 'injured directly and independently from the corporation.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (quoting *Shell Petroleum*, 709 F.2d at 595). A "personal economic injury resulting from a wrong to the corporation" does not qualify as a direct injury that is independent from the corporation. *Shell Petroleum*, 709 F.2d at 595.

---

[1] Salu also contends that Kessler waived any objection based on prudential standing by not raising the issue in a 12(b)(6) motion. (ECF No. 162 at 6). However, courts "may raise an unpreserved prudential-standing question on [their] own." *City of Los Angeles v. Cty. of Kern*, 581 F.3d 841, 846 (9th Cir. 2009) (quoting *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008)).

Salu's alleged injuries are "damages in the form of substantial loss of business and profits to Direct List, which is owned by Mr. Salu.[2]"  FAC at ¶¶ 95, 100; *see also* Salu Depo at 14–15 (stating that, as a result of the alleged actions of the Defendants, Salu lost income that he would have received from Direct List); ECF No. 155 at 4–14 (seeking the same amount of compensatory damages for all claims without differentiating between the damages sought by Salu and the damages sought by Direct List).  Salu's loss of income from Direct List is a "personal economic injury resulting from a wrong to the corporation" and therefore does not qualify as a direct injury independent from the injuries allegedly suffered by Direct List.  *Shell Petroleum*, 709 F.2d at 595.  Consequently, Salu's claims against Kessler for fraud and breach of fiduciary duty do not meet the requirements of the prudential standing doctrine.

## IV. Fiduciary Duty

"Whether a fiduciary duty exists is generally a question of law."  *Marzec v. California Pub. Employees Ret. Sys.*, 187 Cal. Rptr. 3d 452, 470 (Cal. Ct. App. 2015) (citing *David Welch Co. v. Erskine & Tulley*, 203 Cal. App. 3d 884, 890 (Cal. Ct. App. 1988)).  However, it is a question that must be answered by referencing the facts concerning the relationship between the parties.  *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1178 (9th Cir. 1996) (citing *Kudokas v. Balkus*, 103 Cal. Rptr. 318, 321 (Cal. Ct. App. 1972)) ("[T]he existence of a fiduciary relation is a question of fact which properly should be resolved by looking to the particular facts and circumstances of the relationship at issue.").  The Court declines to address whether Kessler owed any fiduciary duties to Direct List at this stage of the proceedings.

---

[2] Salu is not a member of Direct List; JAL Equity is the sole member of Direct List, and Salu is the sole shareholder of JAL Equity.  Salu Depo. at 11, 13.

-4-

**V. Conclusion**

Salu's claims are DISMISSED under the prudential standing doctrine.

Dated: July 6, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court