UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECT LIST, LLC, | CASE NO.: 15-cv-2025-WQH-JLB |
| Plaintiff, | **ORDER** |
| v. | |
| PHIL KESSLER, LAUREN KESSLER, and DIANA OWENS, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Judgment as a Matter of Law filed by Defendants Phil Kessler, Lauren Kessler, and Diana Owens (ECF No. 238).

Defendants contend that Phil Kessler ("Kessler") is entitled to judgment as a matter of law on the claim for breach of fiduciary duty brought by Plaintiff Direct List, LLC ("Direct List") because, *inter alia,* "there is no fiduciary relationship between Phil Kessler and the Plaintiff." (ECF No. 238 at 4). Direct List contends that "Kessler knowingly assumed a fiduciary relationship with . . . Direct List by acting as Mr. Salu's mentor and business coach and encouraging Mr. Salu to disclose intimate details of Direct List's business model, financials, customer and vendor lists, and personnel issues." (ECF No. 161 at 5).

"To establish a cause of action for breach of fiduciary duty, a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty and damages." *Charnay v. Cobert*, 51 Cal. Rptr. 3d 471, 480 (Cal. Ct. App. 2006) (citing *Benasra v. Mitchell Silberberg & Knupp LLP*, 20 Cal. Rptr. 3d 621, 632 (Cal. Ct. App. 2004); *Pierce v. Lyman*, 3 Cal. Rptr. 2d 236, 240 (Cal. Ct. App. 1991)). To incur a fiduciary duty, one must "knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 675–76 (Cal. 1983) (citing Scott, *The Fiduciary Principle*, 37 Cal. L. Rev. 539, 540 (1949); Rest. 2d Trusts (1959) § 2.).

The Court finds that Direct List has not established by a preponderance of the evidence that Kessler "knowingly undert[ook] to act on behalf" of Direct List. *Comm. On Children's Television*, 673 P.2d 660, 675–76 (Cal. 1983) (citing Scott, 37 Cal. L. Rev. at 540; Rest. 2d Trusts § 2).

Direct List relies on a footnote in *Dirks v. S.E.C.*, 463 U.S. 646 (1983) for the proposition that business consultants like Kessler can have fiduciary duties. (ECF No. 161 at 11–12). That footnote states "[u]nder certain circumstances, such as where corporate information is revealed legitimately to [a] . . . consultant *working for the corporation*, these outsiders may become fiduciaries of the shareholders." *Dirks*, 463 U.S. at 655 n. 14 (emphasis added). In this case, however, Direct List has not established by a preponderance of the evidence that Kessler ever worked for Direct List.

Direct List cites two out-of-circuit cases for the proposition that "[b]usiness consultants entrusted with confidential information have been held to be fiduciaries in a number of situations similar to the present case." (ECF No. 161 at 12). However, in the first case, the district court rejected the defendants' argument that the Illinois Trade Secret Act precluded the plaintiff's breach of fiduciary duty claim; it did not rule on whether the defendant owed the plaintiff a fiduciary duty. *See EarthDweller,*

*Ltd. v. Rothnagel*, No. 93 C 3790, 1993 WL 487546, at *7 (N.D. Ill. Nov. 22, 1993). In the second case, the Fourth Circuit held in an unpublished opinion that a defendant who initiated negotiations to purchase a company on behalf of the plaintiff then broke off those negotiations and purchased the company itself owed the plaintiff a fiduciary duty. *See Bocek v. JGA Assocs., LLC*, 537 F. App'x 169, 176 (4th Cir. 2013) (relying on the rule that "[a]gents are fiduciaries and owe their principals a strict duty of loyalty"). In that case, the defendant acted on behalf of and as an agent of the plaintiff when it initiated the negotiations. *See id.* Here, however, Direct List has not established by a preponderance of the evidence that Kessler ever acted on behalf of Direct List or as an agent of Direct List.

Accordingly, the Court GRANTS Defendants' Motion for Judgment as a Matter of Law (ECF No. 238) on Direct List's claim for breach of fiduciary duty. The Court DENIES Defendants' Motion for Judgment as a Matter of Law (ECF No. 238) on Plaintiffs' claims for fraud, misappropriation of trade secrets, violation of California Penal Code § 502, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage.

Dated: August 6, 2018

Hon. William Q. Hayes
United States District Court